UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK RODRICK,

       Petitioner,

v.                                        Case No. 3:20-cv-174-J-20MCR

PUTNAM COUNTY TAX COLLECTOR,
*et al.*,

       Respondents.
_____/

### **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Petitioner's Motion to Confirm Arbitration Award ("Motion") (Doc. 1). For the reasons stated herein, the undersigned recommends that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

On February 24, 2020, the Petitioner filed the Motion without the appropriate $400.00 filing fee or a request to proceed *in forma pauperis*.[2] *See* 28

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

[2] On February 24, 2020, Petitioner filed a similar motion in this Court. *See Rodrick v. Corrigan, et al.*, Case No. 3:20-cv-173-32JRK (M.D. Fla. April 13, 2020) (recommending dismissal of Petitioner's motion to confirm arbitration award after

U.S.C. §§ 1914(a), 1915(a)(1).  On March 6, 2020, the undersigned directed Petitioner to either pay the $400.00 filing fee or file a signed and notarized Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) by April 1, 2020.  (Doc. 3.)  The undersigned also cautioned Petitioner that failure to comply with the Court's directions by April 1, 2020 could result in the dismissal of this case for lack of prosecution.  (*Id.* at 3.)  The undersigned also noted that the Motion, requesting that the Court confirm a "Final Arbitration Award" (Doc. 1-1) issued by Sitcomm Arbitration Association[3] ("SAA") (Doc. 1 at 6), was likely to be denied, and specifically stated that:

> The legitimacy of the purported Arbitration Award is questionable. As one court described another arbitration award by SAA, the Award here is "a bizarre jumble of inconsistent, nonsensical word salad." *U.S. Bank Nat'l Ass'n v. Nichols*, 2019 WL 4276995, at *2 (N.D. Okla. Sept. 10, 2019).  Moreover, another court observed that "[t]here has been a recent rash of cases involving arbitration awards issued by arbitrators with SAA" that have been filed in a number of jurisdictions.  *Teverbaugh v. Lima One Capital, LLC*, No.

---

Petitioner failed to pay the $400.00 filing fee or to submit an Application to Proceed *in forma pauperis*, and finding that the motion was without merit).

[3]  The "About Us" tab on Sitcomm's website provides as follows:
We are small [sic] group of individuals who have come together with our unique skills and history to help those who seek to resolve their contractual disputes and other matters in a peaceful setting.
Our goal in [sic] our aim is to help individuals reduce the burden on government [sic], their courts, and their other [sic] administrative agencies. One way we do this is by helping the consumer with a preformatted generalize [sic] contract that includes all of the elements necessary for enforcement.
As was brought out by the state of New Hampshire, the corporate state officials have by their silence deceived the American people, we are attempting to help balance or right the wrong/ship [sic].

*See About Us*, Sitcomm Arbitration Association, https://saalimited.com/More%20about%20us.html (last visited April 27, 2020).

>   CV219MC159KSMTP, 2020 WL 448259, at *2 n.1 (S.D. Miss. Jan. 28, 2020) (collecting cases).  Most, if not all, of the motions to confirm the arbitration awards in these cases have been denied.  *See, e.g.*, *Meekins v. Lakeview Loan Servicing, LLC*, No. 3:19cv501 (DJN), 2019 WL 7340300, at *8 (E.D. Va. Dec. 30, 2019); *Brown v. Ally Fin. Inc.*, No. 2:18-cv-70-KS-MTP, 2019 WL 6718672, at *4 (S.D. Miss. Dec. 10, 2019); *Kalmowitz v. Fed. Home Mortg. Corp.*, Civil Action No. 6:19-MC-00010-JCB-JDL, 2019 WL 6249298, at *4 (E.D. Tex. Oct. 22, 2019) (*report and recommendation adopted by* 2019 WL 6249426 (E.D. Tex. Nov. 21, 2019)).

(*Id.* at 1-3.)

Petitioner failed to comply with the Court's March 6, 2020 Order.  Instead, he mailed a certified letter to the Office of the Clerk of Court alleging that he had "verified the cost of the misc[ellaneous] filing in [sic] Denver District Court, who specified $47.00 as appropriate for this matter."  (Doc. 4 at 1.)  Moreover, Petitioner claims, *inter alia*, that "[t]his will be a simple 20-minute review" and that the "sole purpose for the documents being sent to the court was for a simple review and confirmation by a Judge, not a Magistrate, regarding an arbitration … not to open a civil case in controversy."  (*Id.* (emphasis omitted).)  Petitioner alleges that the Clerk of Court retained two $47.00 miscellaneous filing fees and requests that the Clerk "apply that fee for miscellaneous filing [sic] arbitration review as needed."  (*Id.* at 3.)

The undersigned finds that this matter is due to be dismissed for failure to prosecute as Plaintiff has failed to submit the required filing fee of $400.00 or an Application to proceed *in forma pauperis* by the April 1, 2020 deadline, as directed by the Court.  (*See* Doc. 3.)  This matter was properly filed as a civil

3

case, not a miscellaneous matter, and, as such, the correct filing fee is $400.00. Additionally, the Clerk of Court properly rejected and returned Petitioner's money order in the amount of $47.00, as it was not in the correct amount and was unsigned. Petitioner's claim that the Denver District Court advised him that the correct filing fee was $47.00 is irrelevant as this case is pending before the Middle District of Florida.

    Alternatively, the Motion is also due to be denied because the arbitration award at issue does not appear to be valid. As another district court described an arbitration award by SAA, the arbitration award at issue here appears to be "a bizarre jumble of inconsistent, nonsensical word salad." *U.S. Bank Nat'l Ass'n v. Nichols*, 2019 WL 4276995, at *2 (N.D. Okla. Sept. 10, 2019). As previously noted, various courts have rejected SAA arbitration awards as invalid. *See, e.g.*, *Magee v. Nationstar Mortg., LLC*, No. 5:19-MC-017-H, 2020 WL 1188445, at *1 (N.D. Tex. Mar. 11, 2020) (collecting cases) (denying petitioners' motion to confirm SAA's arbitration award, vacating the award, and referring the court's order to the United States Attorney's Office for the Northern District of Texas and to the Attorney General Offices of Michigan, Mississippi, Hawaii, Virginia, Georgia, Wyoming, and Nevada); *Teverbaugh v. Lima One Capital, LLC*, No. CV219MC159KSMTP, 2020 WL 448259, at *2 n.1 (S.D. Miss. Jan. 28, 2020) (collecting cases). This Motion, based on a purported SAA arbitration award, is due to be denied just as the "many cases in recent months where a court has repudiated an arbitration award made by [SAA]." *Magee*, 2020 WL 1188445, at

\*1. (N.D. Tex. Mar. 11, 2020) (noting the court's "concern with the extent and breadth of [SAA's] seemingly fraudulent activity" and that "[u]sing the court system to file fraudulent claims burdens defendants, wastes judicial resources, and weakens the public's perception of the judicial branch").

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for failure to prosecute pursuant to Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida, and that the Clerk of Court be directed to terminate all pending motions and close the file.

2. Alternatively, that the Motion to Confirm Arbitration Award (**Doc. 1**) be **DENIED**, and that the Clerk of Court be directed to terminate any pending motions and close the file.

**DONE and ENTERED** in Jacksonville, Florida on April 27, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Harvey E. Schlesinger
United States District Judge

*Pro se* Plaintiff

5